```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

ROBERT RALPH DIPIETRO,           :
                                 :
        Plaintiff,                :
   v.                            :    Case No. 4:19-CV-113-CDL-MSH
                                 :
NINA COOPER, *et al.*,           :
                                 :
        Defendants.               :
_____  :

**O R D E R**

Plaintiff, an inmate currently confined at Rutledge State Prison ("RSP") in Columbus, Georgia, filed a motion to appoint counsel (ECF No. 25). Plaintiff requests that the Court appoint him counsel to depose Defendants and other witnesses. Mot. to Appoint Counsel 1, ECF No. 25. He states that "[a]s a [sic] inmate in prison[,] [he] should not be force [sic] to question those in charge of his custody[.]" *Id.* There is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Indeed, "appointment of counsel in a civil case . . . is a privilege that is justified only by exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). In deciding whether counsel should be appointed, the Court considers,

*inter alia*, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989) (en banc).

Here, Plaintiff filed a complaint under section 1983 following the format and style of the Court's standard form on July 16, 2019. *See generally* Compl., ECF No. 1. Plaintiff has demonstrated his ability to present his claims to the Court for review. The facts and legal issues involved in Plaintiff's claims are fairly straightforward, and the Court has not imposed any procedural requirements which would limit Plaintiff's ability to present his case. *See Kilgo v. Ricks*, 983 F.2d 189, 193-94 (11th Cir. 1993). Accordingly, Plaintiff's request for appointed counsel is **DENIED**. If, however, it becomes apparent at some point later in these proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, the Court will entertain a renewed motion.

Plaintiff also requests, in the alternative, that the Court order RSP to provide him internet access to conduct research. Mot. to Appoint Counsel 1. It appears he seeks preliminary injunctive relief. To obtain preliminary injunctive relief, Plaintiff must establish the following:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury to the plaintiff[] outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not disserve the public interest.

*Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (internal quotations and citation omitted). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to all four elements." *Horton v. City of St. Augustine, Fla.*, 272 F.3d 1318, 1326 (11th Cir. 2001) (internal quotations, alterations, and citations omitted).

Plaintiff does not address these elements in his motion, and he fails to show he is entitled to his requested relief. First, at this stage, Plaintiff has not shown that he is likely to succeed on the merits of his claims. Second, Plaintiff fails to show that he will suffer an irreparable harm or that any harm is imminent and substantial. An irreparable harm "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (per curiam) (internal quotation marks omitted). Here, Plaintiff requests that RSP provide him

internet access to conduct research, but it is unclear what research he intends to conduct. Mot. to Appoint Counsel 1. And nothing in his motion suggests that there are shortcomings in RSP's law library or other legal assistance facilities that hindered his efforts to pursue a legal claim. Thus, Plaintiff fails to show an actual and imminent harm.

Additionally, an order for RSP to provide Plaintiff internet access—and presumably a computer or other device equipped with internet—would directly contradict the long-standing principle that prison administrators should be given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Importantly, Plaintiff does not allege that he is unable to conduct any legal research. He fails to show that he will suffer an irreparable injury absent an order for RSP to provide him unlimited internet access. *See, e.g., All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) ("A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of

4

persuasion' as to the four requisites."). Plaintiff's request for injunctive relief is **DENIED**.

SO ORDERED, this 26th day of October, 2020.

                                     _S/Clay D. Land_
                              UNITED STATES DISTRICT JUDGE